UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER TITUS TYRA, JR.,

              Plaintiff,

v.                                                     Case No. 23-cv-63-pp

JIM GERAETS and JOHN DOE,

              Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 8) UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On February 28, 2023, the court screened plaintiff Christopher Titus Tyra, Jr.'s *pro se* complaint under 42 U.S.C. §1983 and found that it did not state a claim against any defendant. Dkt. No. 7. But the court concluded that "with additional information, the plaintiff may be able to state a claim against one or more of the defendants." Id. at 9. The court gave the plaintiff an opportunity to amend his complaint to better explain his claims. Id. On March 16, 2023, the court received the plaintiff's amended complaint. Dkt. No. 8. This decision screens the amended complaint.

**I.    Screening Amended the Complaint**

    A.    Federal Screening Standard

As the court explained in the previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that

are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint names two defendants, Jim Geraets and John Doe, both of whom the plaintiff alleges are employees of Wellpath Healthcare Provider. Dkt. No. 8 at 1–2. The allegations in the amended complaint are identical to those in the original complaint except that the plaintiff has identified Geraets as the John Doe optometrist who treated him.

As in the original complaint, the amended complaint alleges that the plaintiff is a pretrial detainee at the Milwaukee County Jail. Id. at 2. The plaintiff alleges that he suffers from acute glaucoma in both eyes. Id. He says that Geraets examined his eyes at the jail on June 24, 2022. Id. That exam confirmed the plaintiff's "relatively high ocular pressures indicative of glaucoma." Id. Geraets prescribed the plaintiff eyeglasses and eyedrops to reduce the pressures and "prevent further damage to his vision." Id. He also told the plaintiff that he would refer the plaintiff to an offsite ophthalmologist for tests that he could not conduct at the jail. Id. at 2–3.

The plaintiff alleges that, while awaiting his glasses, he asked various nurses at the jail about the eye drops that Geraets told him he had ordered. Id. at 3. The nurses told him that "they did not see an order" for eye drops. Id. On August 31, 2022, the plaintiff received his glasses but still had not received his eye drops or been sent offsite to see an ophthalmologist. Id. On November 11, 2022, he again saw Geraets about his continued complaints about his

glaucoma. Id. Geraets again examined the plaintiff and determined he needed a different pair of glasses and that his prescription "had changed and his vision slightly deteriorated." Id. With regard to the eye drops, he told the plaintiff that he "didn't write the prescription which cased [the plaintiff] not to received [*sic*] them." Id. Geraets prescribed the plaintiff Latanoprost Ophthalmic Solution and entered another referral for an offsite ophthalmologist visit, which the plaintiff says he had a week later at Aurora Healthcare in Milwaukee. Id. The ophthalmologist confirmed Geraets's diagnosis of glaucoma and agreed with the prescription Geraets had written for the plaintiff. Id. at 3–4. The plaintiff asserts that "due to Dr Geraets recklessly omitting the prescription for the eyedrops at the initial exam, [he] now suffers from irrepairable [*sic*] damage to his vision." Id. at 4.

The plaintiff alleges that John Doe 1 "is in charge of approving off site visits." Id. He says John Doe "recklessly denied [his] first initial refferal [*sic*] which if approved could've timely assured the eyedrops needed to stab[i]lize and lower the ocular pressures in [his] eyes, thus protecting the now irrevers[i]ble damage in which he suffers." Id. He seeks $400,000 in compensatory damages from each defendant for the costs of his "future medical bills, laser eye surgery and pain and suffering." Id. at 5. He also asks that the court order the jail "to be more prompt and investigative about patients health concerns and ailments" Id.

4

Case 2:23-cv-00063-PP   Filed 04/25/23   Page 4 of 9   Document 9

C. <u>Analysis</u>

As the court explained in the previous order, it analyzes the plaintiff's claim that he was denied adequate medical care as one of deliberate indifference in violation of the Fourteenth Amendment. Dkt. No. 7 at 5 (citing <u>Miranda v. Cty. of Lake</u>, 900 F.3d 335, 352 (7th Cir. 2018); and <u>Kingsley v. Hendrickson</u>, 576 U.S. 389 (2015)). To proceed on this claim, the plaintiff must show that 1) "the 'defendants acted purposefully, knowingly, or perhaps even recklessly'" and 2) "the defendants' actions were [not] 'objectively reasonable.'" <u>Pittman by & through Hamilton v. Cty. of Madison, Ill.</u>, 970 F.3d 823, 827 (7th Cir. 2020) (quoting <u>Miranda</u>, 900 F.3d at 353–54). Neither negligence, gross negligence nor medical malpractice amount to deliberate indifference. See <u>Miranda</u>, 900 F.3d at 353. The plaintiff's allegations instead must show "'more than negligence but less than subjective intent—something akin to reckless disregard'" to proceed on a Fourteenth Amendment claim. <u>Id.</u> at 353–54 (quoting <u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118, 1125 (9th Cir. 2018)).

The court reaches the same conclusion with respect to the amended complaint that it did about the original complaint: The allegations do not state a claim of deliberate indifference against Geraets. The court previously explained that the plaintiff alleged in the original complaint that the optometrist, who he now identifies as Geraets, "made an error that caused a delay in receiving his eye drops and an ophthalmology appointment. But the complaint does not allege that the optometrist *intentionally* or *recklessly* issued an incorrect prescription or purposefully denied him the offsite appointment."

Dkt. No. 7 at 6. The amended complaint now uses the word "recklessly" to describe Geraets's actions, but it alleges the exact same conduct—in some places word for word—that the court previously determined did not state a Fourteenth Amendment claim. It provides no new information allowing the court to determine that Geraets was more than negligent or grossly negligent when he failed to order the plaintiff's prescriptions right away. That the plaintiff now has added an adverb to describe Geraets's same conduct does not "nudge[] [his] claims across the line from conceivable to plausible.'" Twombly, 550 U.S. at 570; see Vasquez v. Raemisch, 480 F. Supp. 2d 1120, 1140 (W.D. Wis. 2007) (citing Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998)) ("[D]espite petitioner's use of the term 'reckles[s] disregar[d]' in his complaint, he fails to state a claim. When the complaint's legal conclusions conflict with its factual allegations, the factual allegations control."). Regardless of the plaintiff's word choice, at most these allegations state a claim that Geraets "mistakenly or negligently prescribed the plaintiff the incorrect eyedrops," which does not state a constitutional claim. Dkt. No. 7 at 6.

The same is true for the plaintiff's claim against the John Doe defendant. The original complaint alleged only that this Doe defendant was "in charge of" approving and denying offsite referrals. Id. at 7 (citing Dkt. No. 1 at 4.) The court explained that, even if it were to infer "that Doe 2 is the *only* person at the jail who schedules offsite appointments, the plaintiff has not alleged how or whether Doe 2 was personally responsible for him having to wait to see the offsite ophthalmologist." Id. The amended complaint again alleges that John

6

Doe "is in charge of approving off site visits" and that he did not approve the initial referral to the ophthalmologist. Dkt. No. 8 at 4. But the plaintiff still has not provided any information about John Doe's *personal responsibility* for him having to wait to see the offsite ophthalmologist. For example, the amended complaint does not say whether the initial referral ever was communicated to John Doe. It does not allege that John Doe was aware of the plaintiff's need for a referral and unreasonably and intentionally refused or declined to process it. It does not allege that John Doe refused to contact the ophthalmologist or disregarded the plaintiff's medical need. It again provides the same, single allegation about John Doe (that he was in charge of approving off site visits) and adds the adverb "recklessly" to describe his behavior. But the amended complaint still does not explain what that behavior was or how the court could deem it to have been reckless. Instead of providing the additional information the court told him to provide in an amended complaint, the plaintiff simply has added a legal conclusion—that John Doe's actions were reckless. But it is facts—not legal conclusions or assertions—that determine whether a complaint states a claim. See Iqbal, 556 U.S. at 680. The amended complaint provides an additional legal conclusion but still fails to provide sufficient facts for the court to reach that conclusion.

The amended complaint confirms the court's original conclusions. The plaintiff received thorough medical treatment, but because of a lapse of judgment, forgetfulness or negligence on behalf of the medical providers, he did not receive timely follow-up treatment. He now suffers from vision loss that

perhaps could have been prevented (although that is not clear). These allegations do not provide a basis to conclude that the medical providers at the jail violated the plaintiff's constitutional rights.

The amended complaint fails to state a claim for relief for the same reasons that the original complaint failed to state a claim for relief. Because the amended complaint alleges the same conduct as the original complaint and still does not state a claim for relief, the court will not allow the plaintiff a second opportunity to amend his complaint.

## II.  Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court will send a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of April, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**